

FILED

JAN 2 8 2019

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOANNA M. SNYDER,<br><br>Petitioner,<br><br>vs.<br><br>FLATHEAD COUNTY DETENTION CENTER,<br><br>Respondent. | Cause No. CV 19-19-M-DLC-JCL<br><br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On January 24, 2019, Petitioner Joanna Cook filed a petition challenging her

continued detention under a fugitive from justice warrant issued by the State of

Massachusetts.  See generally, (Doc. 1); see also, (Doc. 1-1 at 2.)

The Court presumes, as a pretrial detainee, that Ms. Snyder seeks relief

under 28 U.S.C. § 2241.  28 U.S.C. §2241 "provides generally for the granting of

writs of habeas corpus by federal courts, implementing 'the general grant of habeas

authority provided by the Constitution.'" *Frantz v. Hazey*, 533 F. 3d 724, 735 (9th

Cir. 2008 (en banc) (quoting *White v. Lambert*, 370 F. 3d 1002, 1006 (9th Cir.

2004).  Section 2241 provides the authority for granting habeas relief to a person

"who is not in custody pursuant to a state court judgment" but, rather, who is in

custody for some other reason, such a pretrial detention or awaiting extradition.

*White*, 370 F. 3d at 1006.  For the reasons explained below, Snyder's petition

1

should be dismissed for failure to exhaust.

## I.     Exhaustion

"District Courts are authorized by 28 U.S.C. §2241 to consider petitions for habeas corpus." *Castro-Cortez v. INS*, 239 F. 3d 1037, 1047 (9th Cir. 2001), abrogated on other grounds by *Fernandez-Bargas v. Gonzales*, 548 U.S. 30 (2006). "That section does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." *Id.* The Ninth Circuit, however, "require[s], as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under §2241." *Id.*

The Montana Legislature has specifically outlined the judicial procedure an accused individual is to utilize when challenging an arrest pursuant an extrajudicial warrant:

> If the prisoner or the prisoner's counsel states that the prisoner or the prisoner and counsel desire to test the legality of the prisoner's arrest, the judge of the court of record shall fix a reasonable time to be allowed the prisoner within which to apply for a writ of habeas corpus. When the writ is applies for, notice of the writ and of the time and place of the hearing on the writ must be given to the prosecuting officer of the county in which the arrest was made and in which the accused is in custody and to the agent of the demanding state.

Mont. Code. Ann. §46-30-217.  Additionally, Snyder may file a petition for a writ of habeas corpus as an original proceeding with the Montana Supreme Court. See e.g., MCA §46-22-202(1); see also, *Thomas v. Doe*, 2011 MT 283, ¶6, 362 Mont. 454, 266 P. 3d 1255.

2

The exhaustion requirement under Section 2241 may be waived or excused in certain circumstances, including: where the remedy provides no genuine opportunity for adequate relief, or pursuit of the remedy would be futile; irreparable injury might occur without immediate judicial relief; the remedial proceedings would be void; or some instances of a complaining party's raising a substantial constitutional question. *Liang v. Ashcroft*, 370 F. 3d 994, 1000-1001 (9th Cir. 1994).

Review of the state court docket[1] reflects that Ms. Snyder has not attempted to follow the procedure outlined in MCA §46-30-217 to challenge her arrest. Likewise, the Montana Supreme Court docket reveals Snyder has not initiated an original habeas action.[2]   Nor has Snyder established that the state judicial procedures available to her are futile or that irreparable injury will occur without this Court's intervention.  Additionally, it appears that the fugitive from justice warrant is not be the only reason for her current custody.  Snyder has ongoing state criminal proceedings.  See, (Doc. 1-1 at 1) (memo from Officer Marvin advising that on 11/21/18 Snyder was served with a warrant for violating the conditions of her release on a Deceptive Practices charge in Cause No. DC-16-492A).[3]

---

[1] This Court may take judicial notice of proceedings, including order and filings, in other federal and state courts when related to the case at hand.  See, *Tigueros v. Adams*, 658 F. 3d 983, 987 (9th Cir. 2011).

[2] See, Montana Supreme Court Docket, available at: https://supremecourtdocket.mt.gov/ (accessed January 25, 2019).

[3] See also, Flathead County District Court Docket, indicating Snyder has a sentencing hearing at

Snyder has not provided a legal or factual basis for her failure to challenge the Massachusetts warrant in the state courts. Accordingly, Snyder's failure to exhaust her judicial remedies under §2241 warrants dismissal of her petition. Dismissal should be without prejudice, allowing Snyder to return to this Court if and when she exhausts her state judicial remedies.

## II. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The claims Snyder attempts to advance does not make a substantial showing that she was deprived of a constitutional right. Further, because Snyder has not exhausted available judicial remedies, reasonable jurists would find no reason to

---

9:00 a.m. on February 21, 2019 for Cause No. DC 16-492. Available at: https://flathead.mt.gov/clerk_of_court/schedule/FlatheadCalendar.html (accessed January 25, 2019).

encourage further proceedings at this time.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. Snyder's Petition (Doc. 1) should be DISMISSED without prejudice for failure to exhaust.

2. The Clerk of Court should be directed to enter a judgment of dismissal.

3. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT
### TO FINDINGS & RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Ms. Snyder may object to this Findings and Recommendation within 14 days.[4] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Ms. Snyder must immediately notify the Court of any change in her mailing address. Failure to do so may result in dismissal of his case without notice to her.

DATED this 28th day of January, 2019.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

---

[4] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Snyder is being served by mail, she is entitled an additional three (3) days after the period would otherwise expire.